IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA MATTHEW STOCKTON           PLAINTIFF
ADC #169885

V.                NO. 4:24-cv-00680-KGB-ERE

WELLPATH LLC, *et al.*            DEFENDANTS

## ORDER

On August 9, 2024, *pro se* plaintiff Joshua Matthew Stockton, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit alleging that the named Defendants have been deliberately indifferent to his medical needs by failing to provide him pain medication. On November 20, 2024, Mr. Stockton moved to amend his complaint to add new claims against new party Defendants. *Doc. 27*. On December 13, 2024, the Court denied Mr. Stockton's motion. Mr. Stockton has now moved for the Court to reconsider its December 13, 2024 Order denying his motion to amend. For the following reasons, the Court denies Mr. Stockton's motion for reconsideration.

Mr. Stockton's proposed amended complaint seeks to add Terri Grigsby Brown, Deshona Collins, and Dr. William Scott as party Defendants. He alleges that, after he filed this lawsuit: (1) Ms. Grigsby Brown and Ms. Collins failed to follow the ADC grievance procedure by inappropriately responding to his grievance

appeals; (2) Dr. Scott and Defendant Daniel deliberately omitted certain documents from his medical records; and (3) on September 8, 2024, Defendant Daniel failed to conduct an adequate medical examination of Mr. Stockton in retaliation for Mr. Stockton's use of the grievance procedure. In denying his motion to amend, the Court explained that allowing Mr. Stockton to include such claims would be futile because Mr. Stockton could not have exhausted his administrative remedies with regard to those claims before filing this lawsuit as required by the Prison Litigation Reform Act. In addition, the Court explained that Mr. Stockton's proposed claims were unrelated to the claims pending in this case and that the Court would not allow him to join unrelated claims against multiple defendants in a single lawsuit.

In his motion for reconsideration, Mr. Stockton argues that: (1) his claims against Defendant Daniels raised in his proposed amended complaint are related to the claims raised in this lawsuit; and (2) some courts have allowed inmates to pursue claims that occurred after a lawsuit was filed, if the prisoner fully exhausted those claims before filing an amended complaint.

While the claims against Defendant Daniels in his proposed amended complaint may be related to the claims raised in his original complaint, all of the claims that Mr. Stockton seeks to raise in his proposed amended complaint occurred *after* this lawsuit was filed. While some courts have allowed prisoners to include such claims in a pending lawsuit, that has not been the practice in this Court, nor has

the Eighth Circuit specifically allowed inmates to do so. See *Tyler v. Kelley*, 2018 WL 1528784, at *3 (E.D. Ark. Mar. 2, 2018) (grievance exhausted after the lawsuit was commenced but before amended complaint was filed was not proper exhaustion); *Kelley v. Davis*, 2022 WL 18359331, at n. 8 (E.D. Ark. Aug. 18, 2022) (same); *Abdulaziz/Askew v. Maples*, 2013 WL 6579151, at *5 (E.D. Ark. Dec. 13, 2013) (same); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court" and dismissal is mandatory if "exhaustion was not completed at the time of filing"); *Harris v. Kemna*, 2005 WL 3159569 (8th Cir. Nov. 29. 2005) (unpublished opinion) (affirming dismissal when exhaustion was not completed at the time of filing).

As a result, allowing Mr. Stockton to pursue the claims raised in his proposed amended complaint would be futile.

IT IS THEREFORE ORDERED THAT Mr. Stockton's motion for reconsideration (*Doc. 35*) is DENIED.

DATED 6 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE