IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JOSHUA MATTHEW STOCKTON**                                                              **PLAINTIFF**
**ADC #169885**

V.                                      NO. 4:24-cv-00680-KGB-ERE

**WELLPATH LLC,** *et al.*                                                                 **DEFENDANTS**

## ORDER

This Order lifts the stay, denies Mr. Stockton's pending motion to amend or supplement his complaint, and directs Mr. Stockton to provide a service address for Defendant Ross.

**A.     The stay is lifted**

On November 20, 2024, Defendant Wellpath LLC ("Wellpath") filed a suggestion of bankruptcy and a notice of an automatic stay of these proceedings due to the bankruptcy filing by Wellpath Holdings, Inc. and related entities (*Doc. 26*). See *In re Wellpath Holdings, Inc.*, *et al.*, Case No. 24-90533 (Bankr. S.D. Tex) ("Wellpath Bankruptcy"). On January 16, 2025, Defendants Ethel Jean Morris, Yvonne Alana Saucier, Tabitha Batrese Burks, Tonya M, Curtner, Cymber Nichole Sievers, Tyra Lashell Sith, Zonnie Mae Burnell, Lucky E Abhulimen, Nathan Thomas Daniel, Matthew Keenan, Megan L. Colbert, Brittney Burks, Wellpath LLC, Vesta Blanks, Dana Delray Molbert, Maryland Lousie Cosey, and Roberta M. Hale

("Medical Defendants") filed an amended notice of bankruptcy and automatic stay of these proceedings. *Doc. 39*. On January 17, 2025, the Court stayed this case in its entirety (*Doc. 40*).

It is now appropriate to lift the stay and allow the lawsuit to proceed. As of May 7, 2025, the automatic stay expired in the Wellpath bankruptcy as to all non-debtor defendants, including Wellpath employees. See Wellpath Bankruptcy, (*Docs. 2592, 2599*) (providing for expiration of the automatic stay as to non-debtor defendants). The debtor's plan was confirmed on May 1, 2025, and became effective May 9, 2025. *Id.* (Bankr. *Doc. 2596*) (order confirming plan); (Bankr. *Doc. 2680*) (notice providing that effective date of plan is May 9, 2025). The confirmed plan of reorganization may potentially impact this case. However, the burden is on Wellpath to assert any claim, estoppel, alternative procedure, defense or other matter arising from the confirmed plan or the bankruptcy proceedings.

**B.     Mr. Stockton's motion to amend or supplement is denied**

After Wellpath filed the first notice of bankruptcy, Mr. Stockton filed a motion to amend or supplement his complaint. *Doc. 38*. That motion is now ripe for review. That motion is denied for reasons previously stated. See *Doc. 31* (December 14, 2024 Order denying motion to amend).

### C. Mr. Stockton must provide a service address for Defendant Ross

In addition, a summons issued to Defendant Anthony Lamar Ross has been returned to the Court unexecuted. *Doc. 43*. Mr. Stockton is reminded of his responsibility to provide the Court with a valid service address for Defendant Ross. *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (explaining that it is the prisoner's responsibility to provide a proper service address for each defendant). Under applicable procedural rules, a defendant must be served within 90 days of the date a complaint is filed, unless the time period is extended for good cause. FED. R. CIV. P. 4(m). The Court will provide Mr. Stockton 30 additional days to provide a valid service address for Defendant Ross.

IT IS HEREBY ORDERED that:

1. The stay in this matter is now lifted.

2. Mr. Stockton's motion to amend his complaint (*Doc. 38*) is DENIED.

3. Mr. Stockton has until **June 20, 2025**, to provide a valid service address for Defendant Ross. If he fails to provide a valid service address by that date, Mr. Stockton's claims against Defendant Ross may be dismissed.

SO ORDERED 20 May 2025.

_____
UNITED STATES MAGISTRATE JUDGE