## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JOSHUA MATTHEW STOCKTON**                                    **PLAINTIFF**
**ADC #169885**

**V.**                          **NO. 4:24-cv-00680-KGB-ERE**

**WELLPATH LLC,** *et al.*                                    **DEFENDANTS**

## ORDER

Arkansas Division of Correction Defendants Reagan Hatton,[1] Marshall Dale

Reed, and Aundrea Culclager ("ADC Defendants") have filed a motion for summary

judgment, a statement of undisputed facts, and a brief in support, arguing that Mr.

Stockton failed to exhaust his administrative remedies regarding his pending claims

before filing this lawsuit. *Docs. 62, 63, 64. Pro se* plaintiff Joshua Matthew Stockton

has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations

and, instead, must meet proof with proof. See FED. R. CIV. P. 56(e). This means that

Mr. Stockton's response should include his legal arguments, as well as affidavits,[2]

---

[1] **The Clerk is instructed to update the docket sheet to reflect Defendant Hatton's full name – Reagan Hatton.**

[2] Any affidavit submitted must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746, by including the following statement before the date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Additionally, the affidavit must be based upon the personal knowledge of the person executing the affidavit. The Court may not consider an

prison records, or other evidence to show that there is a genuine issue of material fact that must be resolved at a hearing or trial.

In addition, pursuant to Local Rule 56.1,[3] Mr. Stockton must separately file a "separate, short and concise statement of the material facts as to which [he] contends there is no genuine dispute to be tried." Mr. Stockton's statement of disputed facts must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in the ADC Defendants' statement of undisputed facts. *Doc. 63.* If Mr. Stockton disagrees with any of the facts in the ADC Defendants' statement of undisputed facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact.

If Mr. Stockton relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the file to find support for Mr. Stockton's factual contentions. See *Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113-14 (8th

---

affidavit unless it meets these requirements.

[3] The Local Rules for the Eastern District of Arkansas are available on the internet. See https://www.are.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

The ADC Defendants' motion for summary judgment concerns only whether Mr. Stockton fully and properly exhausted the grievance process with regard to his pending claims against the ADC Defendants *before* filing this lawsuit. Therefore, Mr. Stockton's response to the motion should focus on that issue.

IT IS THEREFORE ORDERED THAT:

1.      Mr. Stockton has until **July 6, 2026**, to file: (1) a response to the ADC Defendants' motion for summary judgment on the issue of exhaustion; and (2) a separate statement of disputed facts. As to any filing, Mr. Stockton should attempt to comply with Federal Rule of Civil Procedure 56, Local Rule 56.1, and the instructions in this Order.

2.      Mr. Stockton is advised that the failure to timely and properly file a response and statement of disputed facts may result in: (1) all of the facts in the ADC Defendants' statement of undisputed facts being deemed admitted, pursuant to Local Rule 56.1(c); and (2) the possible dismissal of Mr. Stockton's claims against the ADC Defendants, without prejudice, pursuant to Local Rule 5.5(c)(2).

Dated 15 June 2026.

_____
UNITED STATES MAGISTRATE JUDGE

3